No. 03-564

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 260

IN RE THE MARRIAGE OF
BARBARA ANN BAIDE,

       Petitioner and Respondent,

   and

DONALD ROBERT BAIDE,

       Respondent and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                    In and for the County of Gallatin, Cause No. DR-00-333,
                    The Honorable Mike Salvagni, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       Edmund P. Sedivy, Jr., Sedivy, White & White, P.C., Bozeman, Montana

       For Respondent:

       Magdalena C. Bowen, Bowen & Parker, Bozeman, Montana

                         Submitted on Briefs:  March 2, 2004

                                Decided:  September 21, 2004

Filed:

                                    _____
                                           Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1     Montana's Eighteenth Judicial District Court, Gallatin County, dissolved the marriage between Donald Baide (Donald) and Barbara Baide (Barbara) on August 8, 2003. Donald appeals from the District Court's Findings of Fact, Conclusions of Law and Decree of Dissolution. We affirm in part, reverse in part and remand.

¶2     We address the following issues on appeal:

¶3     1. Did the District Court err in valuing the commercial condominium at 402 East Main?

¶4     2. Did the District Court err in valuing Donald's Gem Gallery business?

¶5     3. Did the District Court err when it ordered Donald to pay Barbara her marital share of the estate within six months of the date of the decree?

## BACKGROUND

¶6     Donald and Barbara were married in 1992. They separated in 2000 and the District Court dissolved their marriage in its August 8, 2003, Amended Findings of Fact, Conclusions of Law and Decree of Dissolution (Decree). Donald appeals from the Decree as detailed below.

## STANDARD OF REVIEW

¶7     We review family law cases for valuation and allocation of marital property to determine whether the District Court's findings are clearly erroneous. A finding is clearly erroneous when not supported by substantial evidence, the court misapprehended the effect of the evidence, or review of the record indicates a mistake has been committed. In determining whether a finding of fact is clearly erroneous, "due regard shall be given to the

2

opportunity of the trial court to judge of the credibility of the witnesses." Rule 52(a), M.R.Civ.P. If the findings underlying a district court's division of property are not clearly erroneous, then the court's division is discretionary and is reviewed for an abuse of discretion. *Kovarik v. Kovarik*, 1998 MT 3, ¶¶ 20-21, 287 Mont. 350, ¶¶ 20-21, 954 P.2d 1147, ¶¶ 20-21.

## DISCUSSION

### ISSUE ONE

¶8 Did the District Court err in valuing the commercial condominium at 402 East Main?

¶9 Donald assigns error to the District Court for combining two valuation methods when determining the value of the commercial condominium at 402 E. Main in Bozeman. The property was owned by Donald and leased exclusively by his business, The Gem Gallery, Inc. (The Gem Gallery). Donald is the sole shareholder in The Gem Gallery. The District Court awarded the condominium to Donald at a value of $280,000, as found by a realtor based upon a comparable sales approach. The District Court then added an additional $130,000 to the value of the property based upon an income approach. In Amended Finding of Fact No. 30, the District Court found:

> The business condominium at 402 East Main generates additional net income to Donald in the amount of $13,000 per year. Mr. Newberg [the CPA who had prepared Donald's personal tax returns] admitted the rent being paid by The Gem Gallery to Donald was higher than market rate and also admitted that the capitalization rate for the condominium was approximately 10, indicating the true value of the rental property is calculated as the rental amount per year ($13,000) times 10 years for an additional value of the property as a rental of $130,000. Barbara is entitled to share in the net marital value of the real property located at 402 East Main, as well the capitalized value of the rental.

By combining these two methods, the District Court assigned a total fair market value of

3

$410,000 to the condominium.

¶10    In *Albright v. By State and Through State* (1997), 281 Mont. 196, 933 P.2d 815, we described three valuation methods commonly used to value real property: the cost approach, the market data or comparable sales approach and the income approach. The cost approach involves estimating the depreciated cost of reproducing or replacing the building and site improvements. The market data or comparable sales approach involves the compilation of sales and offerings of properties which are comparable to the property being appraised. The income approach measures the present worth of the future benefits of the property by the capitalization of the net income stream over the remaining economic life of the property.

¶11    We agree with Donald that the District Court erred by combining two methods for valuation of real property. By combining the two methods the District Court assigned two values to one condominium. Employment of this combination method is not supported by evidence in the record and constitutes an abuse of discretion. On remand the District Court is directed to revalue the condominium at 402 East Main using one of the commonly accepted methods of real estate appraisal.

ISSUE TWO

¶12    Did the District Court err in valuing Donald's Gem Gallery business?

¶13    Donald next argues that the District Court erred in its valuation of his business, The Gem Gallery. The CPA who valued the business at Donald's request concluded its fair market value was $195,000. Barbara's proposed value for the business was $684,632. The District Court valued the business at $342,316.

¶14    In a bench trial, the credibility of witnesses and the weight to be afforded their

4

testimony is a matter left to the sound discretion of the district court. *Kovarik,* ¶ 30. Although conflicts may exist in the evidence presented, it is the duty and function of the trial judge to resolve such conflicts. *Kovarik*, ¶ 30. We find that the District Court's valuation of The Gem Gallery at $342,316 was reasonable and supported by the record.

¶15 In the Decree, the District Court was critical of the valuation done by Donald's expert. The District Court stated that the expert admitted he had never valued a jewelry business and relied on comparative sales data that was ten years old. The District Court noted that none of the comparative sales data showed businesses with similar gross sales and that no business information was reported from Montana, surrounding states, California or New York. The District Court generally did not find the valuation done by Donald's expert to be credible.

¶16 Additionally, the District Court observed that Donald himself supplied varying values for The Gem Gallery. In July of 2001, Donald stated the current market value was $159,043. In April of 2002, Donald disclosed the current market value of The Gem Gallery to be $280,000. In March of 1999, Donald represented the net value of the business to be $342,316. We note that the District Court rejected Barbara's assertion that the fair market value of the business was $684,632 as not supported by the evidence. The District Court's conclusion that The Gem Gallery is valued at $342,316 is a reasonable determination, supported by the record and within the range of values presented by the parties.

ISSUE THREE

¶17 Did the District Court err when it ordered Donald to pay Barbara her marital share of the estate within six months of the date of the decree?

¶18 Donald's final argument on appeal is that the District Court erred by ordering him to

5

pay Barbara her property settlement of $195,080.13 within six months of the date of the Decree. Donald asserts that this is unreasonable and impossible for him to perform. After a review of the record we find that Donald's assertion is justified. We direct the District Court on remand to permit Donald a reasonable amount of time in which to pay Barbara her property settlement.

¶19    Affirmed in part, reversed in part and remanded.

/S/ JIM REGNIER

We Concur:

/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE